IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-295-FL

| | | |
|---|---|---|
| SIDNEY B. HARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA JUDICIAL STANDARDS COMMISSION, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE 11), and plaintiff's motions to amend, to serve subpoena, and for a court order to issue subpoena with exigency (DE 15, 16, 18). The issues raised are ripe for ruling. For the following reasons, defendant's motion is granted and plaintiff's motions are denied.

### STATEMENT OF THE CASE

Plaintiff commenced this civil rights action May 29, 2024, to remedy alleged violations of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, related to his filing of judicial complaints with defendant. Plaintiff seeks injunctive relief in the form of orders compelling defendant to respond to discovery, review complaints, and provide explanations for rulings made by it.

Defendant filed the instant motion to dismiss, on the basis of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff responded in

opposition and filed the instant motions to amend his complaint, for leave to serve a subpoena, and for court assistance with the same. The court stayed scheduling conference activities November 6, 2024, pending decision on the motion to dismiss and motion to amend, to which stay plaintiff objected November 13, 2024.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff is a "retired physician" and Wake County resident, who filed January 9, 2023, a motion for appropriate relief ("MAR") in Durham County Superior Court on behalf of Crystal Gail Mangum ("Mangum"), an incarcerated state inmate, who allegedly "gained notoriety and 'public figure' status by the media as the 'Duke Lacrosse Accuser.'" (Compl. ¶¶ 10, 22, 82). Superior Court Judge Michael O'Foghludha ("Judge O'Foghludha") denied the MAR in a January 11, 2023, order (the "January 11, 2023, order").

Plaintiff then filed a complaint about Judge O'Foghludha with defendant regarding the January 11, 2023, order. According to the complaint, defendant is an "independent State agency" established to "consider complaints against judges of the state's General Court of Justice, and where appropriate, to make recommendations for discipline." (Id. ¶ 8). On April 18, 2023, defendant "issued a ruling finding no fault" by Judge O'Foghludha in his January 11, 2023, order, "and it elected to take no action against him." (Id. ¶ 88).

April 25, 2023, plaintiff assisted Mangum with filing another MAR, and Judge O'Foghludha allowed it "to sit on his desk without being assigned . . . or undergoing any administrative action." (Id. ¶ 90). September 13, 2023, plaintiff filed another complaint against Judge O'Foghludha with defendant. Defendant "convened" and notified plaintiff in an October 17, 2023, letter "of its conclusions that his evidence against the senior resident judge demonstrated

2

no violations, and therefore, its decision was to take no action" against him. (Id. ¶ 105). Judge O'Foghludha thereafter denied the April 2023 MAR, and plaintiff filed a third grievance concerning him. Plaintiff also sent defendant a letter May 6, 2024, with a set of requests for admissions to its executive director. Defendant on May 13, 2024, issued a ruling asserting "it could not find evidence of wrongdoing and would elect to take no action against" Judge O'Foghludha. (Id. ¶ 118).

In a separate state court malicious prosecution action, plaintiff assisted Mangum, on February 1, 2019, with filing a brief with the North Carolina Court of Appeals. After an unfavorable ruling August 6, 2019, plaintiff filed a grievance against the authoring judge, which was "adjudicated" by defendant May 8, 2020, and explained in a letter dated May 11, 2020. (Id. ¶ 149).

### COURT'S DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[1] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

Defendant argues that the instant action must be dismissed for lack of subject matter jurisdiction due to Eleventh Amendment sovereign immunity and lack of Article III standing. Defendant also argues that plaintiff fails to state a claim upon which relief can be granted. Because the court agrees it lacks subject matter jurisdiction on the basis of sovereign immunity and lack of standing, the court does not reach defendant's additional grounds for dismissal.

1.  Eleventh Amendment Immunity

This court's jurisdiction under Article III is limited by the Eleventh Amendment, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI; see Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 54 (1996). The United States Supreme Court has "held that the Amendment bar[s] a citizen from bringing a suit against his own [s]tate in federal court, even though the express terms of the Amendment do not so provide." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985).

A state "can waive that immunity and allow itself to face suit." Global Innovative Concepts, LLC v. Fla. Div. Emergency Mgmt., 105 F.4th 139, 143 (4th Cir. 2024); see Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 616 (2002). "To waive its sovereign immunity in federal court, a [s]tate 'must specify the [s]tate's intention to subject itself to suit in federal court' specifically—no 'general waiver' will suffice." Global Innovative Concepts, 105 F.4th at 143 (emphasis in original) (quoting Atascadero, 473 U.S. at 241). "The test for determining whether a [s]tate has waived its immunity from federal-court jurisdiction is a stringent one." Atascadero, 473 U.S. at 241.

A state does not "consent to suit in federal court merely by stating its intention to 'sue and be sued,' or even by authorizing suits against it 'in any court of competent jurisdiction.'" Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999). The court must find "a clear declaration by the [s]tate of its waiver . . . to be certain that the [s]tate in fact consents to suit." Id. at 680 (emphasis omitted).

Here, plaintiff does not allege, and the record does not reflect, any waiver or abrogation of sovereign immunity by the State of North Carolina that would allow the instant suit by plaintiff against defendant to proceed. In addition, other exceptions to Eleventh Amendment immunity do not apply because defendant is an entity, and plaintiff does not assert claims for relief against individual state officials. Lee-Thomas v. Prince George's Cnty. Pub. Sch., 666 F.3d 244, 249 (4th Cir. 2012).

Plaintiff suggests that defendant waived its sovereign immunity "because a civil rights complaint against [defendant] was filed by North Carolina Justice Anita Earls in 2023 (Anita Earls v. NC Judicial Standards Commission, et. al, case no. 1:23-cv-00734), and it was not summarily dismissed expressly on the issue of immunity or definition of the state agency as a 'person.'" (Pl's

5

Opp. (DE 14) at 6). Defendant in that case, however, sought dismissal of the complaint in its entirety on multiple grounds applicable also to numerous additional individual defendants. (See Mem. (DE 21) at 1-24, Case No. 1:23-CV-734 (M.D.N.C. October 6, 2023)). The choice of defendant to assert some grounds for dismissal but not others, in a separate case involving multiple individual defendants, does not constitute the requisite "clear declaration by the [s]tate of its waiver . . . to be certain that the [s]tate in fact consents to suit." Coll. Sav. Bank, 527 U.S. at 676.

Therefore, plaintiff's complaint must be dismissed "without prejudice" for lack of subject matter jurisdiction due to Eleventh Amendment immunity. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of . . . subject matter jurisdiction . . . must be one without prejudice.").

2. Standing

In addition, and in the alternative, plaintiff does not have Article III standing to bring claims based upon defendant's responses to his grievances. "To establish standing, . . . a plaintiff must demonstrate (i) that []he has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024). "By requiring the plaintiff to show an injury in fact, Article III standing screens out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action." Id. at 381.

In addition, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). "A federal court's jurisdiction therefore can be invoked only when the plaintiff

6

Case 5:24-cv-00295-FL    Document 22    Filed 11/27/24    Page 6 of 8

himself has suffered some threatened or actual injury resulting from the putatively illegal action." Id.

In this case, plaintiff lacks standing because he does not allege any legally cognizable interest in defendant's processing of his grievances concerning state court judges. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (holding a citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) ("Appellants lack any constitutional right to require a State Bar to process a grievance or conduct an investigation.").

Therefore, plaintiff's complaint additionally must be dismissed for lack of subject matter jurisdiction also based upon lack of standing.

3.   Motion to Amend

In his motion to amend, plaintiff seeks to add Mangum as a plaintiff, on the basis that defendant's alleged mishandling of plaintiff's complaints "has resulted in unwarranted and needless injury to" Mangum. (Pl's Mot. (DE 15) at 1).

"A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019). Here, plaintiff's proposed amendment to add Mangum as a plaintiff is futile for two independent reasons. First any claim by her against defendant would suffer the same defect in subject matter jurisdiction due to sovereign immunity, and a similar defect due to lack of standing where she, too, lacks a cognizable interest in defendant's processing of plaintiff's grievances. Second, as a pro se litigant, plaintiff has no "right . . . to litigate pro se on behalf of others" in federal court. Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 244 (4th Cir. 2020). Thus, any claim by plaintiff purportedly on behalf of Mangum fails as a matter of law.

Accordingly, plaintiff's motion to amend is denied.

4.  Motions Concerning Subpoenas

Because the court lacks subject matter jurisdiction over plaintiff's claims, and plaintiff's motion to amend must be denied as futile, plaintiff's motions concerning issuance of subpoenas necessarily must be denied. See S. Walk at Broadlands Homeowner's Ass'n, Inc., 713 F.3d at 185 ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 11) is GRANTED, and plaintiff's motions (DE 15, 16, 18) are DENIED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of November, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge