IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-295-FL

| | | |
|---|---|---|
| SIDNEY B. HARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA JUDICIAL | ) | |
| STANDARDS COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). (DE 24).

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order, or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). To prevail, a party must make a threshold showing demonstrating: "(1) timeliness, (2) a meritorious [claim or] defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017); Square Const. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). If those conditions are met, the movant must satisfy "one of the six enumerated grounds for relief under Rule 60(b)," which include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Fed. R. Civ. P 60(b).

Here, plaintiff has not met the threshold requirements for relief under Rule 60(b). While the motion is timely, plaintiff does not have a meritorious claim for the reasons set forth in the court's November 27, 2024, order dismissing plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (See DE 22 at 4-8). In addition, plaintiff has not satisfied any of the six enumerated grounds for relief in Rule 60(b). Plaintiff argues that the court erred in not entering a scheduling order and allowing discovery to proceed. However, "a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits" through discovery or other case scheduling. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013). Therefore, plaintiff's motion for reconsideration (DE 24) is DENIED.

SO ORDERED, this the 6th day of February, 2025.

                                            LOUISE W. FLANAGAN
                                            United States District Judge

2

Case 5:24-cv-00295-FL   Document 25   Filed 02/06/25   Page 2 of 2